**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No. 06-31225

CHARLES LATHAM DOUGLAS, SR.

Debtor

**MEMORANDUM ON MOTION TO ALTER OR AMEND
ORDER OVERRULING OBJECTION
AND ORDER CONFIRMING CHAPTER 13 PLAN**

**APPEARANCES:**   C. EDWIN SHOEMAKER, ESQ.
   9111 Cross Park Drive
   Suite D-200
   Knoxville, Tennessee 37923
   Attorney for Debtor

   MORRIS, SCHNEIDER & PRIOR, L.L.C.
   Laura A. Grifka, Esq.
   1587 Northeast Expressway
   Atlanta, Georgia 30329
   Attorneys for AMC Mortgage Services, Inc.

   GWENDOLYN M. KERNEY, ESQ.
   Post Office Box 228
   Knoxville, Tennessee 37901-0227
   Chapter 13 Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

Before the court is the Motion to Alter or Amend Order Overruling Objection and Order Confirming Chapter 13 Plan (Motion to Alter or Amend) filed by AMC Mortgage Services, Inc. (AMC Mortgage) on August 10, 2006, asking the court to set aside its Order Confirming Chapter 13 Plan (Confirmation Order) also entered on August 10, 2006.[1]

The Debtor filed the Voluntary Petition commencing his case under Chapter 13 of the Bankruptcy Code on June 9, 2006. AMC Mortgage, a creditor of the Debtor, filed a Proof of Claim on July 3, 2006, asserting a claim against the Debtor in the amount of $203,851.93, secured by the Debtor's residence located at 302 Newman Road, Gatlinburg, Tennessee. AMC Mortgage also asserted an arrearage claim in the amount of $9,601.71. The Debtor's Chapter 13 Plan, filed on June 9, 2006, proposed monthly payments of $300.00 for 36 months, with a dividend of 20-70% to non-priority unsecured creditors. The Plan also proposed to pay the claim of AMC Mortgage as unsecured as follows:

> (1) WM Specialty Mortgage LLC/Ameriquest – pursuant to June 5, 2006 notice of rescission creditor's claim to be paid as unsecured claim under Paragraph 6 above.
> (2) Debtor will sell residence at 302 Newman Rd. and pay non-exempt net proceeds to Chapter 13 Trustee to fund required plan disbursements.

Pursuant to Rule 3015-3 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Tennessee, and the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines issued on June 15, 2006, by the clerk, which was served on all parties in interest, including AMC Mortgage, all objections to confirmation of the plan were required to be in writing and filed with the court prior to the meeting of creditors or lodged with the Chapter 13 Trustee at the

---

[1] The Motion to Alter or Amend was filed and docketed after the Confirmation Order was entered.

2

meeting of creditors held on July 12, 2006. The Chapter 13 Trustee filed an objection to confirmation at the meeting of creditors, which was filed with the court on July 13, 2006, grounded upon feasibility of the Debtor's Plan. On July 19, 2006, AMC Mortgage filed an Objection to Confirmation of Debtor's Plan which was served on the Debtor, his attorney, and the Chapter 13 Trustee on July 20, 2006. The court held a confirmation hearing on August 2, 2006, at which time the Chapter 13 Trustee withdrew her objection to confirmation, and AMC Mortgage's objection to confirmation was overruled as untimely filed. The Confirmation Order was entered on August 10, 2006.

AMC Mortgage filed its Motion to Alter or Amend on August 10, 2006,[2] and a hearing was held thereon on September 13, 2006. Subsequent to the hearing, the court entered an Order on September 14, 2006, memorializing the agreement of the parties that the court would rule on the Motion to Alter or Amend on stipulations and briefs without an evidentiary hearing. Pursuant to the September 14, 2006 Order, joint stipulations of undisputed facts and documents were to be filed by September 27, 2006, AMC Mortgage was to file its brief by October 4, 2006, and the Debtor was to file a responsive brief by October 11, 2006.

As required by the September 14, 2006 Order, the parties filed the Joint Stipulation of Undisputed Facts on September 27, 2006. On October 2, 2006, the parties filed the Joint Motion for Continuance of Deadline for Briefs, asking for additional time to file their respective briefs. The court granted the Joint Motion for Continuance of Deadline for Briefs on October 4, 2006, extending the deadlines to October 18, 2006, for AMC Mortgage and October 25, 2006, for the Debtor.

---

[2] *See supra* n.1.

On October 10, 2006, the parties filed a second Joint Motion for Extension of Deadline for Briefs, asking the court to extend the time further, stating that they were actively discussing and pursuing settlement of the matter, with a proposed settlement and compromise being reviewed by AMC Mortgage. The court also granted this Joint Motion for Extension of Deadline for Briefs, pursuant to an Order Granting Extension of Deadline for Briefs entered on October 11, 2006, extending the deadlines to November 1, 2006, and November 8, 2006, respectively, and stating that no further extensions would be granted.

On November 7, 2006, the parties filed a third Joint Motion for Extension of Deadline for Briefs, stating that they were continuing to move towards settlement of this contested matter and anticipated that a consent order would be submitted to the court. The court once again entered an Order Granting Extension of Deadline for Briefs on November 8, 2006, granting AMC Mortgage through December 1, 2006, and the Debtor through December 8, 2006, to file their respective briefs. The Order expressly provides that "[n]o further extension of the briefing schedule fixed herein will be granted." AMC Mortgage did not file a brief by the December 1, 2006 deadline, and the court has not received a proposed order concerning settlement from the parties.

The Debtor's meeting of creditors was held on July 12, 2006. Pursuant to E.D. Tenn. LBR 3015-3(a), any objection to confirmation was to be filed before the meeting of creditors or with the Chapter 13 Trustee at the meeting of creditors. The Local Rule further states that "[a]n objection filed beyond the time fixed in this rule will not be considered unless the court, for cause, extends the time." E.D. Tenn. LBR 3015-3(a). AMC Mortgage did not file its objection to confirmation until

July 19, 2006, seven days after the meeting of creditors was held. As for the reason why its objection was not timely filed, AMC Mortgage states that it filed it as soon as it "communicated with [its] counsel for Tennessee regarding the terms of the Chapter 13 Plan." Nevertheless, an objection to confirmation filed after the conclusion of a debtor's original meeting of creditors is untimely pursuant to E.D. Tenn. LBR 3015-3, and as such, shall be overruled. *See In re Duncan*, 245 B.R. 538, 542-43 (Bankr. E.D. Tenn. 2000); *see also Taylor v. Freeland & Kronz*, 112 S. Ct. 1644, 1648 (1992) ("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality."). Based upon the failure of AMC Mortgage to file a brief, the court presumes that it no longer wishes to prosecute the Motion to Alter or Amend. Furthermore, for the reasons stated herein, the court finds the Motion to Alter or Amend to be without merit.

An order will be entered denying AMC Mortgage's Motion to Alter or Amend.

FILED: December 11, 2006

BY THE COURT

/s/ RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE